IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DANNY A. PADILLA,

    Plaintiff,

vs.                                                  No. CV 18-01175 KG/GJF

MICHAEL MANN and
JUDSON DAVIS,

    Defendants.

MEMORANDUM OPINION AND ORDER DISMISSING
FEDERAL CLAIMS AND REMANDING STATE CLAIMS

THIS MATTER is before the Court under 28 U.S.C. § 1915A on the Complaint (Tort) filed by Plaintiff, Danny A. Padilla in the Eighth Judicial District Court, County of Union, State of New Mexico, and removed to this Court by the Defendant Michael Mann on December 13, 2018. (Doc. 1-1). The Court concludes that Plaintiff's Complaint fails to state a claim on which relief can be granted and Plaintiff's claims are barred by the *Heck* doctrine. The Court will dismiss all federal claims in Plaintiff's Complaint with prejudice and will remand any state law claims to the State of New Mexico, County of Union, Eighth Judicial District Court.

1. Factual and Procedural Background

Plaintiff Danny A. Padilla is a prisoner in the custody of the State of New Mexico and serving a sentence of ten and one-half years for Trafficking (possession with intent to distribute), Driving While Under the Influence of Drugs (7th offense), and Tampering with Evidence. *State*

*v. Padilla*, No. D-818-CR-201600038.[1] Padilla filed his Complaint (Tort) ("Complaint") challenging his New Mexico sentence in the Eighth Judicial District Court, County of Union, State of New Mexico. on October 19, 2018. (Doc. 1-1). Defendant, Michael Mann, timely removed the case to this Court on December 13, 2018 based on the existence of federal jurisdiction. (Doc. 1 at 1-2). Padilla's Complaint names, as Defendants, Patrolman Michael Mann and County Tech Judson Davis. (Doc. 1-1 at 1).

Padilla contends that Patrolman Mann conducted an illegal search/weapons frisk of Padilla without reasonable suspicion and arrested Plaintiff in violation of his 4th Amendment rights. (Doc. 1-1 at 2-4). Padilla further contends that, while booking Padilla into the Northeast New Mexico Detention Facility, Tech Davis violated his constitutional rights by conducting a strip search and a search of Padilla's clothing, which resulted in Davis finding a purple bag tied to Padilla's boxer shorts the contents of which tested positive for methamphetamine. (Doc. 1-1 at 5-7). Padilla alleges that the illegal arrest/seizure and illegal strip search during booking resulted in his prosecution and conviction in the New Mexico Eighth Judicial District Court. (Doc. 1-1 at 5-7). He argues that Defendants' actions constituted "illegal search & seizure, cruel & unusual punishment, due process, 4th, 5th, 8th U.S. Constitution." (Doc. 1-1 at 1). He asks the Court to grant the following relief:

> "1. All Charges (Trafficking (poss. w/intent) 1st offense, tampering w/ evidence, and D.W.I (Drugs) be dismissed w/ prejudice
> 2. Immediate Release from Custody
> 3. $150,000.00 for each day of incarceration appx. 279 days"

(Doc. 1-1 at 10).

---

[1] The Court has reviewed the official record in Padilla's state court proceeding No. D-818-CR-201600038 through the New Mexico Supreme Court's Secured Online Public Access (SOPA) and takes judicial notice of the official New Mexico court records. *See United States v. Ahidley,* 486 F.3d 1184, 1192 n. 5 (10th Cir.2007).

2. <u>Standards for § 1915A and Failure to State a Claim</u>

Because Plaintiff is a prisoner proceeding pro se, the Court is obligated to conduct a preliminary screening of the Complaint. *See* 28 U.S.C. § 1915A. Whenever a prisoner brings a civil action against government officials, the Court is obligated to screen the prisoner's complaint or petition. 28 U.S.C. § 1915A. Section 1915A states:

> "The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."
> . . .
> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief."

28 U.S.C. § 1915A(a) and (b).

The Court has the discretion to dismiss a pro se complaint *sua sponte* for failure to state a claim upon which relief may be granted under § 1915A and Fed. R. Civ. P. 12(b)(6). A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Under Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Twombly*, 550 U.S. at 555; *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under Rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must

allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570.

The Court liberally construes the factual allegations in reviewing a pro se complaint. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant. *Hall v. Bellmon,* 935 F.2d at 1110.

3. Plaintiff's Civil Rights Claims are Barred Under *Heck v. Humphrey*

All civil rights claims in this case are barred under *Heck v. Humphry,* 512 U.S. 477, 487 (1994). In *Heck*, the Supreme Court addressed the question of when a prisoner may bring a § 1983 claim relating to his conviction or sentence. The Court held that when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed. *Heck,* 512 U.S. at 487. Similarly, although in some circumstances a prospective injunction may be available under § 1983, to the extent a request for declaratory or injunctive relief would necessarily invalidate the prisoner's conviction or sentence, declaratory and injunctive relief are also barred by the *Heck* doctrine. *Wilkinson v. Dotson,* 544 U.S. 74, 80-81 (2005). *See also Edwards v. Balisok,* 520 U.S. 641 (1997).

Padilla's prayer for relief specifically asks the Court to dismiss his New Mexico state criminal charges, immediately release him from custody, and award him $1,500 damages per day for every day of incarceration. (Doc. 1-1 at 10). Padilla's request for relief clearly necessitates

the invalidation of his New Mexico state conviction and sentence. Because a favorable ruling on Padilla's claims would require treating his State of New Mexico, Eighth Judicial District Court, sentence as invalid, the civil rights claims in the Complaint must be dismissed under the *Heck* doctrine. *See, Beck v. City of Muskogee Police Dept.,* 195 F.3d 553, 556–57 (10th Cir.1999). The Complaint fails to state a federal claim for relief and all federal claims will be dismissed.

    4.    <u>The Court Declines to Grant Leave to Amend</u>

Ordinarily, the Court is to consider whether to allow a pro se plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the Rule 12(b)(6) standards. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004). Because Plaintiff's civil rights claims will still be barred by *Heck v. Humphry,* any amendment of Plaintiff's Complaint would be futile and the Court will not grant leave to amend in this case.

    5.    <u>The Court Declines to Exercise Supplemental Jurisdiction and Will Remand Any State Law Claims</u>

Plaintiff Padilla's Complaint is on a New Mexico court form and states that his lawsuit is brought under the New Mexico Tort Claims Act, Chapter 41 N.M.S.A. (Doc. 1-1 at 1). He further alleges that the actions of Defendants were in violation of "N.M Const. Article II Section 10, 13, 18." (Doc. 1-1 at 1).Within the supplemental jurisdiction granted by 28 U.S.C. § 1367, a federal court has subject-matter jurisdiction over certain state-law claims. A district court's decision whether to exercise supplemental jurisdiction after dismissing all claims over which it has original jurisdiction is discretionary. *See* § 1367(c). Under § 1367(c), the district courts may

decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it has original jurisdiction. *Osborn v. Haley,* 549 U.S. 225, 245 (2007); *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 514, (2006).

The U.S. Supreme Court has stated that needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. *United Mine Workers of Amer. v. Gibbs,* 383 U.S. 715, 726 (1966). When all federal claims have been dismissed, a district court may, and usually should, decline to exercise jurisdiction over any remaining state claims. *Koch v. City of Del City,* 660 F.3d 1228, 1248 (10th Cir.2011); *Smith v. City of Enid ex rel. Enid City Comm'n,* 149 F.3d 1151, 1156 (10th Cir.1998); *Young v. City of Albuquerque*, 77 F. Supp. 3d 1154, 1185 (D.N.M. 2014).

This Court is dismissing all federal claims in this case. To the extent the Complaint alleges any claims under New Mexico law, the Court declines to exercise supplemental jurisdiction over Plaintiff Padilla's remaining state-law claims and will remand this case to the State of New Mexico, County of Union, Eighth Judicial District Court. *Osborn v. Haley,* 549 U.S. at 245.

6. <u>Pending Motions</u>

Also pending before the Court are Defendant Judson Davis' Motion for Judgment on the Pleadings (Doc. 10), Defendant Mann's Motion for Judgment on the Pleadings (Doc. 12), and Plaintiff Padilla's Motion for Extension of Time (Doc. 14). The Court will deny all pending motions as moot in light of the dismissal of all federal claims and remand of the case to State Court.

IT IS ORDERED:

(1) Defendant Judson Davis' Motion for Judgment on the Pleadings (Doc. 10), Defendant Michael Mann's Motion for Judgment on the Pleadings (Doc. 12), and Plaintiff Danny A. Padilla's Motion for Extension of Time (Doc. 14) are DENIED as moot in light of the dismissal of the federal claims and remand of any state law claims;

(2) all federal claims in the Complaint (Tort) filed by Plaintiff, Danny A. Padilla in the Eighth Judicial District Court, County of Union, State of New Mexico, and removed to this Court by the Defendants on December 13, 2018, (Doc. 1-1) are DISMISSED with prejudice; and

(3) any state law claims are REMANDED to the State of New Mexico, County of Union, Eighth Judicial District Court and this case is CLOSED.

_____
UNITED STATES DISTRICT JUDGE